IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,            )
                                )
                    Plaintiff,  )
                                )
v.                              )        Case No. 16-2195-DDC
                                )
CITY OF TOPEKA, KS et al.,      )
                                )
                    Defendants. )

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and REPORT AND RECOMMENDATION

This case relates to any earlier case filed by the pro se plaintiff, Marjorie A. Creamer, against the City of Topeka, Kansas, Case No. 15-4971.  In the earlier case, U.S. District Judge Daniel D. Crabtree dismissed plaintiff's action without prejudice to refilling because plaintiff failed to file her complaint on court-approved forms (as twice directed by the court).[1]  Judge Crabtree advised plaintiff that she could re-file her case, but stated that if she chose to so do, "she must file a Complaint using the court-approved form, and she must present her claim in an understandable fashion, one showing a plausible basis for relief."[2]

As directed, plaintiff filed the complaint in this action on the court-approved form. However, plaintiff has failed to satisfy the requirement that she present her claim in an understandable fashion that shows a plausible basis for relief.  Therefore, as discussed below,

---

[1]ECF doc. 13 in Case No. 15-4971.

[2]ECF doc. 16, pg. 5, in Case No. 15-4971 (emphasis in original).

O:\ORDERS\16-2195-DDC-3.wpd

the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that, although plaintiff is granted leave to proceed in forma pauperis, her action be dismissed under the screening requirement of 28 U.S.C. § 1915(e)(2).

I.     Motion to Proceed In Forma Pauperis

Plaintiff has moved to proceed with this action in forma pauperis (ECF doc. 3). Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit [asserting] … the person is unable to pay such fees or give security therefor."[3]  To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees.[4]  The decision to grant or deny in-forma-pauperis status under § 1915 lies within the "wide discretion" of the trial court.[5] Based on the information contained in the affidavit accompanying her motion,[6] plaintiff has shown a financial inability to pay the required filing fee.  Plaintiff is unemployed and claims monthly income, mostly in the form of disability payments, in the amount of $861.  Plaintiff claims expenses exceeding her monthly income.  The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

---

[3]28 U.S.C. § 1915(a)(1).

[4]*United States v Garcia*, 164 Fed. App'x 785, 786 n. 1 (10th Cir. Jan. 26, 2006).

[5]*Id.*

[6]ECF doc. 3-1.

II.     Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint.  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[7]  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[8]  The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[9]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[10] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[11]  "To state a claim, the plaintiff must provide 'enough facts to state

---

[7]28 U.S.C. §1915(e)(2)(B).

[8]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[9]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[10]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[11]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

a claim to relief that is plausible on its face.'"[12] The "court need not accept allegations that state only legal conclusions."[13] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[14]

Plaintiff's complaint is difficult to follow.  Plaintiff states that her claims arise from "due process of law . . . Title 42, Section 1983, . . . fraud in Kansas, probate, Smith Co. Dist. Court # 13 pr 22, Howard Leroy Ellis and Creamer (Shawnee Dist. #15 pr 399)."[15]  Her typed "Statement of Claim," is incoherent and the court cannot determine which defendant is alleged to have violated which law.  Plaintiff makes "vague, rambling" assertions from which it would be impossible for defendants to frame an answer.[16]  For these reasons, the undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim.  In addition, the undersigned finds that any attempt to amend the complaint would be futile, given plaintiff's failure to follow the previous, specific admonition of Judge Crabtree that she "present her claim in an understandable fashion, one

---

[12]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[14]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

[15]ECF doc. 1 at 4.

[16]*Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

showing a plausible basis for relief." The undersigned therefore recommends that this action be dismissed.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

The Clerk is directed to send a copy of this report and recommendation to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated March 29, 2016, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge